Deborah A. Ferguson, ISB No. 5333
Ferguson Durham, PLLC
202 N. 9th Street, Suite 401 C
Boise, Idaho 83702
Tel.: (208) 484-2253
d@fergusonlawmediation.com

Craig Harrison Durham, ISB No. 6428
Ferguson Durham, PLLC
910 W. Main St., Suite 328
Boise, ID 83702
Tel.: (208) 345-5183
craig@chdlawoffice.com

Shannon P. Minter
Christopher F. Stoll
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, California 94102
Tel.: (415) 392-6257
sminter@nclrights.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| MADELYNN LEE TAYLOR,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID E. BRASUELL, as Administrator of the Idaho Division of Veterans Services, in his official capacity,<br><br>        Defendant. | Case No. 14-cv-00273- REB<br><br><br>**MEMORANDUM IN SUPPORT OF PLANTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Madelynn Lee Taylor ("Ms. Taylor" or "Plaintiff"), moves the Court for summary judgment under Fed. R. Civ. P. 56, to grant the relief she seeks. There is no genuine dispute of any material fact in this case and she is entitled to judgment as a matter of law.

## I.     INTRODUCTION

Ms. Taylor is a 74 year old veteran of the United States Navy, who brought this action for a permanent injunction to honor her burial wishes and those of her deceased spouse pursuant to 42 U.S.C. § 1983. Specifically, Ms. Taylor asked the Court to enter judgment directing Defendant David E. Brasuell as Administrator of the Idaho Division of Veterans Services (Idaho Veterans Services), to place her deceased spouse's cremated remains in a columbarium niche at the Idaho State Veterans Cemetery, and upon Plaintiff's death, to have her remains placed in the same niche.

## II.    BACKGROUND

Ms. Taylor filed the Complaint on July 7, 2014 after her burial request was denied because Idaho Veterans Services did not recognize her valid and lawful marriage to Ms. Jean Mixner. (Dkt. No. 1). A copy of their marriage certificate is attached as Exhibit "A" to the Complaint, (Dkt. No.1, Ex. A). Later, on September 11, 2014 an Amended Complaint was filed. (Dkt. No. 13, Ex. A).

The Ninth Circuit's recent ruling in *Latta v. Otter*, WL 4977682 (9th Cir. Oct. 7, 2014) held that Idaho's refusal to allow same-sex couples to marry or to recognize their valid out-of-state marriages is unconstitutional, as it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Ninth Circuit also vacated its order that had stayed Chief Magistrate Judge Dale's Judgment enjoining the State of Idaho, and any of its "political subdivisions," from "enforcing Article III, § 28 of the Idaho Constitution, Idaho Code §§ 32-201 and 32-209, and any other laws or regulations to the extent they do not recognize same-sex marriages validly contracted outside Idaho or prohibit otherwise qualified same-sex couples

from marrying in Idaho." *See Latta et al. v. Otter et al.*, District Court Case No. 1:13-cv-482-CWD (Dkt. 101).  *Latta* compels the result in this case and makes clear that Ms. Taylor is entitled to a judgment requiring Defendant to recognize her valid and lawful marriage to Ms. Mixner and to allow the couple to be interred together.

In light of *Latta,* Idaho Veterans Services has taken certain actions to honor Ms. Taylor's burial wishes for her deceased spouse.  The placement of her deceased spouse's cremated remains in a columbarium niche at the Idaho State Veterans Cemetery occurred on October 28, 2014.  These plans are a first step toward the relief sought in this action, but they do not provide complete relief to Ms. Taylor.  For this reason, Ms. Taylor is entitled to a judgment and injunction to ensure that her rights are protected now and in the future and that the full relief sought is granted.

### III. DISCUSSION

A.  Standard of Law

Summary judgment is appropriate where "there is no genuine issue as to any material fact exists and [ ] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *see also* Fed. R. Civ. P. 56(c).  The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

Here, there are no disputes regarding any material fact in connection with Ms. Taylor's motion for summary judgment, and she is entitled to judgment as a matter of law.  Indeed, the Defendant has not even filed a responsive pleading or an appropriate motion to either the

Complaint or the Amended Complaint. Under Rule 15(a)(3) of the Federal Rules of Civil Procedure, the time to do so has long past. Likewise, under Rule 12(h)(1)(B) of the Federal Rules of Civil Procedure, the Defendant has waived preserving and presenting defenses to the Complaint, as it failed to do so within the time set forth to answer or otherwise respond. Accordingly, the Court must take the facts plead in the Amended Complaint as true. Fed. R. Civ. P. 8(b)(6).

Moreover, the undisputed material facts have been set out in Plaintiff's Statement of Undisputed Material Facts, which is filed with this Memorandum, along with by the sworn Declaration of Madelynn Lee Taylor. The parties also agreed in the litigation plan filed with the Court, the matter is on a "legal track" and discovery is unnecessary. (Dkt. No. 9-1). All that remains is a question of law. For the reasons stated below, Ms. Taylor is entitled to summary judgment.

B.  Ms. Taylor Is Entitled to Judgment as a Matter of Law

The Ninth Circuit's ruling in *Latta,* that Idaho's refusal to allow same-sex couples to marry or to respect the existing marriages of same-sex couples violates the Fourteenth Amendment, compels the result in this action. Indeed, in response to that ruling, Defendant has acknowledged that the law required him to place Ms. Taylor's deceased spouse's cremated remains in a columbarium niche at the Idaho State Veterans Cemetery.

Although Defendant has now taken certain steps toward granting Ms. Taylor the relief that she seeks, that does not deprive Ms. Taylor of her right to seek a final judgment in this case, nor does it deprive the Court of the jurisdiction and duty to enter a final judgment. *See, e.g., Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 609 (2001) ("[A] defendant's voluntary cessation of a challenged practice does not deprive a federal

court of its power to determine the legality of the practice unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.") Ms. Taylor is entitled to a judgment to determine the parties' rights and obligations and to prevent Defendant from changing course in the future and repeating his unconstitutional rejection of her burial request. *See, e.g., N.E. Fla. Chapter of Ass'n Gen. Contractors of Am. v. City of Jacksonville,* 508 U.S. 656 (1993) (holding that the defendant's voluntary repeal of minority set-aside program did not moot claim for declaratory and injunctive relief).

Only a final order granting summary judgment can protect Ms. Taylor's interests and constitutional rights and insure that upon her death, her remains are in fact interred with her spouse. This fact has understandably caused Ms. Taylor considerable concern. *See* Declaration of Ms. Taylor, ¶ 7. Without a court order or judgment, Ms. Taylor's estate will have no enforceable right to ensure that the Idaho Veterans Service will be required to inter Ms. Taylor's remains with her spouse upon her death. *Id*. Although the injunction in *Latta* also requires Defendant to recognize Ms. Taylor's marriage, Ms. Taylor is not a party in that case and therefore lacks standing to enforce the *Latta* injunction. Only a final judgment in *this* action will ensure that Ms. Taylor's burial wishes are, in fact, granted.

C. Time is of the Essence

Ms. Taylor has with several significant health challenges, and time is of the essence in securing Ms. Taylor the relief to which she is entitled. Declaration of Ms. Taylor, ¶ 4. She suffers from cardiovascular disease, and recently underwent surgery at a Veteran's Administration hospital to replace a stent in her neck. *Id.* She also chronic obstructive pulmonary disease, a serious respiratory condition. *Id.* Her ability to walk more than short distances is limited, due to an injury to her left leg up to her knee, and requires her to use a cane, walker or motorized scooter. *Id.* Ms.

Taylor's serious chronic health issues weigh heavily in favor of the Court's speedy issuance of a final injunction order and judgment in her favor.

## VI. CONCLUSION

The facts before the Court are uncontested by the Defendant. *Latta* plainly dictates the result in this case. Only a judgment and permanent injunction can provide complete and enforceable relief in this case. The Court's order can ensure that Ms. Taylor's burial wishes, as a military veteran, will be respected and make certain she will be interred alongside her lawful spouse in the Idaho State Veteran's Cemetery upon her death. In light of her significant health conditions, Plaintiff further respectfully requests that the Court grant her motion for summary judgment and enter a final order as soon as possible.

DATED:  October 28, 2014

Respectfully submitted,

_____/s/_____
Deborah A. Ferguson, ISB No. 5333
Ferguson Durham, PLLC
202 N. 9th Street, Suite 401 C
Boise, Idaho 83702
Tel.: (208) 484-2253
d@fergusonlawmediation.com

Craig Harrison Durham, ISB No. 6428
Ferguson Durham, PLLC
910 W. Main Street, Suite 328
Boise, Idaho 83702
Tel.: (208) 345-5183
craig@chdlawoffice.com

National Center for Lesbian Rights
Shannon P. Minter (pro hac vice)
Christopher F. Stoll (pro hac vice)

870 Market Street, Suite 370
San Francisco, California 94102
Tel.: (415) 392-6257
sminter@nclrights.org
cstoll@nclrights.org

Attorneys for Plaintiff