Deborah A. Ferguson, ISB No. 5333
Craig Harrison Durham, ISB No. 6428
Ferguson Durham, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
Tel.: (208) 345-5183
daf@fergusondurham.com
chd@fergusondurham.com

Shannon P. Minter, *pro hac vice*
Christopher F. Stoll, *pro hac vice*
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, California 94102
Tel.: (415) 392-6257
sminter@nclrights.org

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MADELYNN LEE TAYLOR,<br><br>             Plaintiff,<br><br>   v.<br><br>DAVID E. BRASUELL, as Administrator of the Idaho Division of Veterans Services, in his official capacity,<br><br>             Defendant. | Case No. 14-cv-00273-REB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES AND EXPENSES** |

## INTRODUCTION

In this action brought under 42 U.S.C. § 1983, Plaintiff has prevailed on all of her claims and has achieved all of her requested relief. Specifically, this Court has permanently enjoined Defendant, as well as all of his successors, employees, agents, and those acting in concert with him, from ever rescinding approval of Plaintiff's interment with her deceased wife, from removing Plaintiff's or her wife's cremated remains from the Idaho State Veterans Cemetery at any time based on Idaho's now defunct discriminatory marriage laws, from "taking any future action purporting to enforce any Idaho constitutional provision, statute, regulation, or policy to prevent, or undo, the interment of Plaintiff's cremated remains" with those of her wife, and directing Defendant (and his successors, etc.) upon Plaintiff's death, to "promptly complete the internment of Plaintiff's cremated remains together with the cremated remains of Ms. Mixner" at the cemetery. (Dkt. 31 at pp. 1-2.)

Given Plaintiff's complete victory in this case, as well as the high degree of skill and experience her attorneys brought to this matter to reach this wholly successful conclusion, Plaintiff now moves this Court to order Defendant to pay $78,407.50 for reasonable attorneys' fees and expenses pursuant to District of Idaho Local Civil Rules 54.1 and 54.2, and 42 U.S.C. § 1988.

## STANDARD OF LAW

In an action to enforce the provisions of 42 U.S.C. §1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ." 42 U.S.C. 1988(b). A prevailing party under § 1983 is entitled to reasonable attorneys' fees unless special circumstances would render such an award unjust. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

The court must begin by determining a "lodestar" amount, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  Fee applicants have the burden of producing evidence to establish that their requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).  The relevant community is typically the forum in which the district court sits.  *Id*. at 979.[1]  Affidavits from the Plaintiff's attorneys and other attorneys in the community are satisfactory evidence of the prevailing market rate, as are rate determinations made in other cases.  *United Steelworkers of America v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990).

The court also has the discretion to adjust the amount based upon the factors set forth in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67 (9th Cir. 1975) (the "*Kerr* factors"), that have not already been subsumed in the lodestar calculation.  *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008).[2]

---

[1] Although NCLR attorneys could request San Francisco and Washington, D.C. billing rates for this case based on their expertise and experience, *see, e.g., Barjon v. Dalton*, 132 F.3d 496, 501-502 (9th Cir. 1997); *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992), they seek rates consistent with those in the Boise legal market.  *See also* Declaration of Shannon P. Minter In Support of Plaintiff's Motion for Reasonable Attorneys' Fees and Expenses ("Minter Dec.") at ¶ 20.

[2] The "*Kerr* factors" include: (1) the time and labor required of the attorneys, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other work by the attorney due to acceptance of the case, (5) the customary fee for similar cases, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of money, or the value of the rights involved, and the results obtained, (9) the experience, reputation and ability of counsel, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Kerr*, 526 F.2d at 70.

The most critical factor in determining the reasonableness of a fee award is "the degree of success obtained." *See*, *e.g.*, *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). "Where a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435.

## ARGUMENT

This Court granted Plaintiff's Motion for Summary Judgment in its entirety, resulting in a complete victory in this case. (Dkt. 30 at p. 16.) There can be no dispute that Plaintiff is thus the "prevailing party" under § 1988(b), and is entitled to an award of reasonable attorneys' fees and expenses. For the reasons that follow, all of the requested fees and expenses are reasonable.

### A.  Plaintiff's "Lodestar" Calculation is Reasonable.

The Court must first calculate the lodestar amount by multiplying a reasonable hourly rate by the number of hours expended on the case. There is a "strong presumption" that the lodestar represents the "reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal citation and quotation omitted).

#### 1.  The Hourly Rates are Reasonable

Plaintiff's attorneys seek the same hourly rates previously awarded by the District Court in the *Latta v. Otter* lawsuit, which Plaintiff's counsel also litigated. *Latta v. Otter*, No. 1:13-cv-482-CWD, 2014 WL 7245631, at *2-6 (D. Idaho Dec. 19, 2014); *see also Community House, Inc., v. City of Boise*, No. 1:05-cv-283-CWD, 2014 WL 1247758, at *6-7 (D. Idaho Mar. 25, 2014). Accordingly, all of these rates have already been established as reasonable in this Court. These include the following rates for six attorneys who performed substantial work on this case: Deborah A. Ferguson, $400 per hour; Shannon P. Minter, $400 per hour; Craig Durham, $325 per hour;

Christopher Stoll, $325 per hour; Amy Whelan, $275 per hour,[3] and Jaime Huling Delaye, $175 per hour (*See* Declaration of Deborah A. Ferguson in Support Plaintiff's Motion for Reasonable Attorneys' Fees and Expenses ("Ferguson Dec.") at ¶¶ 15-17; Declaration of Craig H. Durham in Support of Plaintiff's Motion for Reasonable Attorneys' Fees and Expenses ("Durham Dec.") at ¶ 11; Minter Dec. at ¶¶ 19.)[4]  As shown below, each of these attorneys has unique skills, which created an efficient and complementary legal team that eliminated redundancy and maximized Plaintiff's chances of success.

Deborah A. Ferguson, lead counsel, has developed extensive federal civil litigation experience over her 29-year career.  For almost twenty-one years, she served as an Assistant United States Attorney, first in the Civil Division of the Northern District of Illinois (Chicago), from 1991-1995 and then in the District of Idaho from 1995-2012.  (Ferguson Dec. at ¶ 3.)  During those two decades with the U.S. Department of Justice, she was lead counsel on hundreds of federal civil cases on behalf of a wide array of agencies and individuals, before the federal District Court of Idaho and the Northern District of Illinois, and on appeal before the Ninth and Seventh Circuit

---

[3] Plaintiff only seeks fees for Ms. Whelan's work on the instant fee motion ("fees for fees"). Ms. Whelan is a Senior Staff Attorney, has been practicing since 2001, and she has been with the NCLR since 2011.  (Ex. C to Minter Dec. at p. 5.)  Before that, she worked at the San Francisco firm of Rosen, Bien, Galvan & Grunfeld LLP, where she specifically focused on attorneys' fees issues at both the trial and appellate levels, among other matters.  (*Id.*)  It is well-established that Plaintiff is entitled to reasonable attorneys' fees for time spent on a fees motion. *Orange Blossom P'Ship v. S. Cal. Sunbelt Developers, Inc.,* 608 F.3d 456, 462–65 (9th Cir. 2010). "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008).

[4] Plaintiff also seeks compensation, at $125 per hour, for Aaron Aruck, a paralegal who has worked at NCLR for nearly three years.  (Minter Dec. at ¶ 19.)  Mr. Aruck was awarded this rate for his work on the *Latta* lawsuit.  *See Latta v. Otter*, No. 1:13-cv-482-CWD, 2015 WL 4623817, at *5 (D. Idaho Aug. 3, 2015).

Courts of Appeals.  (*Id*.)  As lead counsel, she handled and tried a wide variety of complex federal civil litigation, such as constitutional torts, environmental challenges, medical malpractice defense and other torts.  (*Id*.)  In 2012, she left the U.S. Department of Justice to return to private practice and formed her own firm.  (*Id.* at ¶ 4.)  Based on her extensive litigation experience, her practice concentrates on representing clients in civil litigation, and mediating litigated disputes.  (*Id.*)  From November 2012 until June 2013, she was appointed to serve as a Special Master by a federal Senior District Judge in a complex international electronic discovery dispute that arose in a commercial litigation in the District of Idaho.  (*Id*.)  Ms. Ferguson is also an active in the legal community in Idaho and have served as a member and/or officer of a number of professional organizations such as the Idaho State Bar (Past President 2011 and Bar Commissioner, 2008-2011), the Federal Bar Association—Idaho Chapter and a recipient of the Exemplary Service Award 2013, and the Idaho Academy of Leadership for Lawyers (Founding Chair of Steering Committee, 2011- 2015).  (*Id*. at ¶ 5.)  She is also the Idaho State Bar Delegate to the American Bar Association, and a Fellow of the American Bar Foundation.  (*Id*.)

Shannon Minter is the Legal Director of the National Center of Lesbian Rights (NCLR). Mr. Minter, who has over 20 years of legal experience, was lead counsel for same-sex couples in the landmark California marriage equality case, *In re Marriage Cases*, 183 P.3d 384 (2008), (Minter Dec. at ¶ 7.)  He was also counsel for Respondent-Intervenor in *Christian Legal Society v. Martinez*, 561 U.S. 661 (2010), which upheld student group policies that prohibited discrimination based on sexual orientation and gender identity, and rejected the argument that such polices violated a student group's rights to freedom of religion, association, and speech.  Mr. Minter has been recognized many times for his expertise.  In 2009, he was named California Lawyer of the Year by California Lawyer magazine, and in 2008 he received the Dan Bradley

Award from the National Gay and Lesbian Bar Association for his work in the marriage cases. (Exhibit A to Minter Dec. at p. 5.)  In 2005, Mr. Minter was one of 18 people to receive the Ford Foundation's "Leadership for a Changing World" award (*id*.) and in June of 2015, President Obama appointed Mr. Minter to serve on the President's Commission on White House Fellowships.  (Minter Dec. at ¶ 6.)

Craig Durham has been an attorney for over 18 years, and he brought a wealth of research and writing experience, and, more specifically, civil rights expertise to Plaintiff's team.  For the first six years after he graduated from law school, he was an appellate public defender, where he researched and wrote over 150 briefs and orally argued dozens of cases in the appellate courts of Kansas and Idaho. (Durham Dec. at ¶ 3.)  During that time, he also represented clients who had been sentenced to death, navigating the complicated and high stakes world of modern death penalty jurisprudence. (*Id*. at ¶¶ 3-4.)  Between 2003 and 2013, he was a death penalty law clerk and a staff attorney with the Prisoner Litigation Unit at the United States District Court in Boise. (*Id*. at ¶¶ 5-6.)  Prisoner cases make up about 25% to 33% of the District Court's total civil caseload from year-to-year, and the majority of the cases are brought 42 U.S.C. § 1983.  (*Id*. at ¶ 6.)  In his nearly ten years at the Court, Mr. Durham gained extensive experience in procedural and substantive civil rights law, and the bulk of his current private practice now involves plaintiff's side civil rights and related cases.

Christopher Stoll and Jaime Huling Delaye, of the NCLR, also brought significant experience to Plaintiff's legal team.  Mr. Stoll, a Senior Staff Attorney at the NCLR, has practiced law for 20 years since his graduation from Harvard Law School. (Minter Dec. at ¶ 19 and Ex. C.)  Before joining the NCLR, he worked in the litigation department at the international law firm of Heller Ehrman LLP.  (Exhibit C to Minter Dec. at p.2.)  Ms. Huling Delaye has been an attorney

for six years. (Minter Dec. at ¶ 19.) She joined the NCLR in 2013 after clerking for Judges A. Wallace Tashima of the Ninth Circuit Court of Appeals and Richard Seeborg of the Northern District of California. (Exhibit C to Minter Dec. at p. 8.)

Plaintiff's counsel have also supported their requested rates with the declarations of Howard A. Beladoff and Lauren I. Scholnick, highly respected attorneys who practice civil litigation in the local community. *See, e.g., United Steelworkers of America*, 896 F.2d at 407 (Affidavits from the Plaintiff's attorneys and other attorneys in the community are satisfactory evidence of the prevailing market rate, as are rate determinations made in other cases). Both attorneys state that the hourly rates are reasonable in light of the risk involved and the skill necessary to successfully complete the case. (Declaration of Howard Beladoff in Support of Plaintiff's Motion for Reasonable Attorneys' Fees and Expenses ("Beladoff Dec.") at ¶ 10; Declaration of Lauren I. Scholnick in Support of Plaintiff's Motion for Reasonable Attorneys' Fees and Expenses ("Scholnick Dec.") at ¶ 9.) As stated in the declaration of Mr. Beladoff, "[t]hese are not ordinary matters, and there is little encouragement for the private bar to prosecute these complex and demanding constitutional claims." (Beladoff Dec. at ¶ 10.) Further, "Most Idaho attorneys or firms are simply unable to undertake a contingency fee case, and to make the commitment of time and outlay of expenses that is necessary to bring such an action successfully." (*Id.* at ¶ 11.)

Defendant's litigation choices and actions increased Plaintiff's counsel's fees in this matter. For instance, rather than stipulate to a judgment after interring Plaintiff's deceased wife's remains at the Idaho Veterans Cemetery, Defendant filed a motion to dismiss this case based on mootness. (Dkt. 18.) While Defendant ultimately lost its motion to dismiss, this forced Plaintiff's

counsel to oppose that motion while also briefing its own summary judgment motion seeking the relief Plaintiff ultimately won.

Finally, Plaintiff has exercised billing judgment. (Ferguson Dec. at ¶ 14; Durham Dec. at ¶ 10; Minter Dec. at ¶ 21.) For example, Mr. Minter did not record time he spent meeting with co-counsel or reviewing key documents in the case, in order to keep his legal fees to a minimum. (Minter Dec. at ¶ 21.) Mr. Ferguson similarly did not charge for additional hours of research, review, communication (including numerous emails and phone calls) that he could reasonably request. (Ferguson Dec. at ¶ 10.)

### 2. The Hours Spent on this Case Were Reasonable

The moving party also bears the burden of establishing the reasonableness of the hours claimed, and the party must carry that burden by submitting adequate documentation of those hours. *See Hensley*, 461 U.S. at 437. The Court should not grant a fee award for "hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 433–34.

All of Plaintiff's attorneys have stated under oath in their declarations that the hours claimed were reasonable and necessary to complete the tasks in the case at hand and were not expended on tasks unrelated to the case. (Ferguson Dec. at ¶ 14; Minter Dec. at ¶¶ 16, 21; Durham Dec., ¶ 10.) They have also provided detailed time sheets to the Court to document the hours and the tasks that were completed.

As the Court is aware, the case primarily involved the filing of an original and amended complaint, opposition to Defendant's motion to dismiss, and Plaintiff's motion for summary judgment. In performing their work, Plaintiff's counsel conscientiously avoided duplication of

effort. Moreover, the hours claimed were necessary and reasonable to achieve Plaintiff's complete success in this litigation.[5]

### 3. Requested Lodestar

The lodestar amount in this case is $77,957.50 ($39,012.50 for Ms. Ferguson and Mr. Durham and $38,945 for NCLR). There is a strong presumption that this is a reasonable fee. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). When making a fee award, the most important factor is the degree of success that the attorneys have obtained for their clients. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. Here, Plaintiff's counsel obtained complete relief, succeeding on all of her claims.

Accordingly, Plaintiff is entitled to fully recover the reasonable attorneys' fees that have been requested.

### B. Summary of Fees

| ATTORNEY / LEGAL STAFF | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Deborah Ferguson | $400 | 85.1 | $34,040.00 |
| Shannon Minter | $400 | 13.7 | $5,480.00 |
| Craig Durham | $325 | 15.3 | $4,972.50 |
| Christopher Stoll | $325 | 48.5 | $15,762.50 |

---

[5] Plaintiff's counsel include a few hours spent working on press releases or performing other media tasks that were necessary as a result of the public interest in this case. That work is compensable in civil rights litigation. *See, e.g., Gilbrook v. City of Westminster*, 177 F.3d 839, 877 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999) (awarding compensation for media and other public relations work directly related to the case); *Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992), *vacated in part on other grounds on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993) (press conferences and media work compensable for civil rights attorneys where it "is directly and intimately related to the successful representation of a client.").

| ATTORNEY / LEGAL STAFF | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Amy Whelan | $275 | 11.7 | $3,217.50 |
| Jaime Huling Delaye | $175 | 80.7 | $14,122.50 |
| Aaron Aruck (paralegal) | $125 | 2.9 | $362.50 |

C.      **Plaintiff Is Entitled To Expenses**

Plaintiff is also entitled to an award of expenses that would normally be billed to fee-paying clients.  42 U.S.C. § 1988 (b).  Plaintiff's counsel have incurred a total of $450 in pro hac vice expenses related to the case, as supported by the Minter Declaration.  (Exhibit B to Minter Dec. at p. 9.)

D.      **Plaintiff is Entitled to Interest**

Plaintiff also requests interest on any award for reasonable attorneys' fees and costs. *Friend v. Kolodzieczak*, 72 F.2d 1386, 1391-92 (9th Cir. 1996), *cert. denied,* 516 U.S. 1146 (1996).

**CONCLUSION**

For all of the reasons stated above, Plaintiff requests an award of $78,407.50 in attorneys' fees and expenses.  Depending on the amount of time necessary to write a reply brief in support of this motion or to otherwise defend Plaintiff's entitlement to reasonable fees and expenses, Plaintiff reserves the right to update these totals with her reply brief or at a future date if additional work becomes necessary.

Respectfully submitted this 20th day of August, 2015.

_____/s/_____
Deborah A. Ferguson
Attorneys for Plaintiffs